Filed 9/25/25  P. v. Ambriz CA2/4
Review denied 1/14/26; reposted with Supreme Court order and statement

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B336232 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA376570) |
| v. | |
| FREDDY AMBRIZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Renee Korn Judge.  Remanded with instructions, affirmed in all other respects.

John Patrick Dwyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Appellant Freddy Ambriz was convicted of murder in 2011. He was resentenced pursuant to Penal Code section 1172.75[1] in 2023, and he appealed. He asserts that the trial court erred in denying his request for a continuance of the resentencing hearing, that he was denied the effective assistance of counsel, and that the court incorrectly calculated his custody credits. The People assert no error as to Ambriz's first two contentions, but concede that the court's award of custody credits was erroneous.

We find that the trial court did not abuse its discretion with respect to defense counsel's request for a continuance, and that Ambriz was not denied the effective assistance of counsel. We agree with the parties that the calculation of custody credits was erroneous. We therefore remand the matter for recalculation of Ambriz's custody credits, and otherwise affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    Conviction and previous sentence

Ambriz and his brother were convicted of the July 2010 murder of Shaquana Watson. (*People v. Ambriz* (Sept. 6, 2013, B238305 [nonpub. opn.] (*Ambriz I*).) In 2011, a jury found both defendants guilty of first degree murder (§ 187, subd. (a)), and found true the special allegation that the crime was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C).) As to Ambriz, the jury found true the allegation that a principal personally used a firearm within the meaning of section 12022.53, subdivisions (d) and (e)(1). (*Ambriz I, supra.*) Ambriz admitted three prior serious or violent felony convictions and prison terms.

---

[1]    All undesignated section references are to the Penal Code.

2

The trial court sentenced Ambriz to 82 years to life, consisting of 25 years to life, doubled, for the murder; a 25-year firearm use enhancement pursuant to section 12022.53, subdivisions (d) and (e)(1); and seven years for the prior convictions and prison terms. The court also imposed and stayed a section 186.22, subdivision (b)(1)(C) 10-year enhancement. (*Ibid.*) This court affirmed the conviction, but struck the section 186.22, subdivision (b)(1)(C) enhancement. (*Ibid.*)

In March 2017, the trial court granted Ambriz's petition for habeas corpus under *People v. Chiu* (2014) 59 Cal.4th 155. The People elected to not re-try Ambriz, and instead accepted a judgment of second degree murder. The trial court modified Ambriz's sentence to 62 years to life, calculated as 15 years to life on the murder count, doubled pursuant to the three strikes law; 25 years for the firearm enhancement under section 12022.53, subdivisions (d) and (e)(1); five years pursuant to section 667, subdivision (a)(1); and two years pursuant to section 667.5, subdivision (b).

In February 2019, Ambriz sought resentencing under former section 1170.95. Following an evidentiary hearing, the trial court denied his petition. This court affirmed that order. (*People v. Ambriz* (Nov. 7, 2022, B317778) [nonpub. opn.].)

**B.     Resentencing under section 1172.75**

In 2023, the California Department of Corrections and Rehabilitation (CDCR) notified the court that Ambriz may be eligible for resentencing under section 1172.75. As relevant here, section 1172.75, subdivision (a) provides that sentence enhancements imposed prior to January 1, 2020 under section 667.5, subdivision (b) are invalid. Section 1172.75, subdivision

3

(c)(2) states that review and resentencing under the statute "shall be completed" "[b]y December 31, 2023."

On June 28, 2023, the court appointed counsel, Daniel A. Nardoni, for Ambriz. On August 31, 2023, the court granted defense counsel's oral motion for a continuance; according to the minute order, "The court states no further continuances." The court set the resentencing hearing for October 3, 2023. At the October 3 hearing, the court continued the matter to December 1 "for further status on petition." On December 1, the court set the resentencing hearing for December 12, 2023.

At the December 12 hearing, the court noted that Ambriz had not submitted a sentencing memorandum, and Nardoni confirmed he had not filed one. When the court asked if he would like to be heard, Nardoni stated that it was a "waste of everyone's time to seek resentencing in a situation like this unless the court and [the People have] the C-file," referring to Ambriz's central file from CDCR. Nardoni said he "just received the C-file in early November," while he was in trial, and he had "not had the time . . . to file any pleading papers" due to the trial. Nardoni noted that the court believed resentencing must be completed by December 31, 2023 based on the language of the statute. Nardoni said he disagreed with that interpretation, and that resentencing could be completed in 2024. He further stated that he had learned only that day that Ambriz's first-degree murder conviction had been reduced to second degree. He continued,

"So we're talking 15 to life times two is 30 to life with the allegations. Stiff sentence but for a horrible crime. I suppose, based on what I said moments ago, I would like to file a brief. I can't have

4

it done by December 31st because I'll be in [trial] for about six weeks.

"And if the court is of the opinion, as you've stated in the past, that the case must go forward, then so be it. If I must go forward today, I can offer to the court that in my review of the lengthy C-file, Mr. Ambriz -- Freddy Ambriz has no history in the penal institution of violence, no record of any possession of any weapons, things of this sort. I think that's an important consideration, particularly on a crime of violation [*sic*]. It's an important consideration for the court to be aware of before the court passes judgment on the resentencing."

Nardoni asked that a prior strike be stricken, "and the other allegations fall by the wayside as well." He continued, "The bottom line, your honor, based upon his fine record, I'm asking that Freddy Ambriz be sentenced or remain with the sentence of 15 to life, and that would be it."

The court stated, "You've had that C-file since November. I am more than happy to put this on December 29th if you'd like or December 28th. You can appear via Webex video so you can highlight what he's done in state prison." The court also noted that the "C-file is only part of the picture," and that the most compelling cases are the ones in which "defendants have actually gotten degrees, have really made the best of their world while they're in state prison."

Nardoni responded, "I have the C-file. I have gone through it, and I don't think I can offer any more, December 28th or 29th, than what I'm offering you today." He noted that Ambriz has "done well in prison," and said, "And so I don't feel I can offer

5

anything more than what I'm stating to you today in asking for a second chance, and 15 to life is still a harsh sentence, but, of course, the court has the discretion. I'll submit and defer to your honor." The People asked the court to strike only the sentences for the priors invalidated by section 1172.75.

The court resentenced Ambriz to a total term of 60 years to life. It declined to strike Ambriz's prior convictions, noting that the court also had declined to do so in earlier sentencings. The court noted its discretion to strike the enhancement under section 12022.53, and declined to exercise that discretion. The court awarded Ambriz 461 days of custody credit.

Ambriz timely appealed.

## DISCUSSION

Ambriz asserts three arguments on appeal. First, he contends the court erred by denying defense counsel's request for a continuance to submit briefing based on Ambriz's C-file. Second, he contends his federal due process right to effective assistance of counsel was violated. Finally, Ambriz argues that the court was required to calculate custody credits up to the date of the resentencing hearing, and the court erred by failing to do so. The People assert there was no error with respect to the first two contentions, but concede the matter should be remanded for correction of Ambriz's custody credits. We consider each of these issues in turn.

## A.  Continuance

Ambriz contends the trial court erred by treating the December 31 deadline in section 1172.75, subdivision (c)(2) as mandatory rather than directory, and by denying defense counsel's request for a continuance based on that mistaken belief. The People assert that the court did offer a continuance to

6

December 28 or 29 but defense counsel refused it, and defense counsel offered no good cause for a further continuance. The People also argue that any error was harmless.

"A continuance in a criminal case may be granted only for good cause. (§ 1050, subd. (e).) Whether good cause exists is a question for the trial court's discretion." (*People v. Doolin* (2009) 45 Cal.4th 390, 450; see also *People v. Beames* (2007) 40 Cal.4th 907, 920 (*Beames*) ["the decision whether or not to grant a continuance of a matter rests within the sound discretion of the trial court"].) "[A] trial court may not exercise its discretion over continuances so as to deprive the defendant or his attorneys of a reasonable opportunity to prepare." (*People v. Snow* (2003) 30 Cal.4th 43, 70.)

We review a trial court's denial of a continuance request for abuse of discretion. (*People v. Mora and Rangel* (2018) 5 Cal.5th 442, 508.) "The party challenging a ruling on a continuance bears the burden of establishing an abuse of discretion, and an order denying a continuance is seldom successfully attacked." (*Beames, supra*, 40 Cal.4th at p. 920.) "Under this state law standard, discretion is abused only when the court exceeds the bounds of reason, all circumstances being considered." (*Ibid*.)

Ambriz argues that the court could not have properly exercised its discretion regarding granting defense counsel's request for a continuance because it mistakenly believed that resentencing was required to be completed by December 31, 2023. He asserts that contrary to the trial court's belief, the deadline in section 1172.75, subdivision (c)(2) was directory rather than mandatory. (See, e.g., *People v. Cota* (2025) 112 Cal.App.5th 1118, 1131; *Briggs v. Brown* (2017) 3 Cal.5th 808, 858-859.) Ambriz argues that a court that is unaware of the scope of its

7

discretion cannot exercise informed discretion.  (See, e.g., *People v. Lynch* (2024) 16 Cal.5th 730, 774.)

The People assert that no such error occurred, because the trial court did not deny Ambriz's request for a continuance.  Rather, the trial court offered defense counsel a shorter continuance than counsel requested, which counsel declined.  We agree with the People.

At the December 12 hearing, Nardoni said he received Ambriz's C-file in early November and had looked through it.  He said he would like to file a brief, but if the court believed "the case must go forward, then so be it."  Nardoni stated that based on the C-file, "Freddy Ambriz has no history in the penal institution of violence, no record of any possession of any weapons, things of this sort."  When the court offered a continuance to December 28 or 29 so Nardoni could "highlight what [Ambriz has] done in state prison," Nardoni declined, stating, "I have the C-file. I have gone through it, and I don't think I can offer any more, December 28th or 29th, than what I'm offering you today."

Thus, the court did not decline counsel's request for a continuance; rather, it offered a shorter continuance than defense counsel would have preferred.  The denial of a continuance cannot be error where there was no denial.

Assuming for the sake of argument that the court's ruling could be construed as a denial of counsel's request for a continuance, we find no abuse of discretion.  The offer of a continuance to December 28 or 29 did not "deprive the defendant or his attorneys of a reasonable opportunity to prepare." (*People v. Snow, supra*, 30 Cal.4th at p. 70.)  Nardoni did not provide good cause for a further continuance; rather, he said that with

additional time he could offer no new information to the court. He stated that he would prefer to file a written brief, but he also made clear that he had reviewed the C-file and was aware of its contents, and he did not state that a written brief would provide any additional information to the court that he was unable to convey orally. Notably, Ambriz does not suggest on appeal that any relevant information was excluded from the hearing or that a written brief would have provided the trial court with information unavailable at the December 12 hearing. "[A]ll circumstances being considered" (*Beames, supra*, 40 Cal.4th at p. 920), Ambriz has not established that the court's ruling exceeded the bounds of reason.

## B.    Ineffective assistance of counsel

Ambriz further asserts that he had a federal due process right to the effective assistance of counsel at the sentencing hearing. He argues that he was "denied effective representation as a result of the court's decision not to continue the hearing past December 31." We are not persuaded.

"'[O]nly an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel.'" (*People v. Alexander* (2010) 49 Cal.4th 846, 934.) Thus, when a trial court "acted reasonably and within its broad discretion in denying the continuance," the ruling does not violate the federal constitutional right to competent representation. (*Id.* at pp. 935-936.)

Here, there was neither a "justifiable request for delay" nor "an unreasoning and arbitrary insistence upon expeditiousness." Because we find no abuse of discretion, Ambriz's right to the effective assistance of counsel was not violated.

9

## C. Custody credit

The parties agree the trial court erred in its calculation of Ambriz's custody credits. The court awarded custody credit of 461 days, the amount of custody credit listed on Ambriz's original abstract of judgment from January 11, 2012. We agree this was error.

"[W]hen a prison term already in progress is modified . . . , the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29; see also *People v. Dean* (2024) 99 Cal.App.5th 391, 396 ["resentencing courts must recalculate actual time served"], § 2900.5, subd. (d) ["It is the duty of the court imposing the sentence to determine the date or dates of any admission to, and release from, custody prior to sentencing and the total number of days to be credited pursuant to this section. The total number of days to be credited shall be contained in the abstract of judgment provided for in Section 1213."].)

Ambriz and the People assert that the matter should be remanded for the trial court to recalculate Ambriz's custody credits and amend the abstract of judgment accordingly. We agree this is the appropriate remedy.

## DISPOSITION

The matter is remanded to the trial court to recalculate Ambriz's custody credits; the court shall amend the abstract of judgment accordingly. The clerk shall forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


ZUKIN, P. J.


MORI, J.

11

Court of Appeal, Second Appellate District, Division Four - No. B336232

**S293792**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

_____

THE PEOPLE, Plaintiff and Respondent,

v.

FREDDY AMBRIZ, Defendant and Appellant.

_____

The petition for review is denied.

(See Concurring Statement by Justice Liu)

_____/s/_____
*Chief Justice*

THE PEOPLE v. AMBRIZ

S293792

Concurring Statement by Justice Liu

Petitioner Freddy Ambriz was convicted in 2011 of murder and sentenced with a variety of enhancements, including two prior prison term enhancements. The Legislature subsequently restricted the use of these prior prison term enhancements. (See Stats. 2019, ch. 590, § 1, p. 5235; Stats. 2021, ch. 728, § 3, pp. 9077–9078.) In what is now Penal Code section 1172.75, the Legislature provided a process for recalling and resentencing defendants whose original sentences included prior prison term enhancements that are now unlawful. The Legislature instructed the Department of Corrections and Rehabilitation to identify defendants eligible for recall and resentencing by certain dates (March 1, 2022 for some individuals, then July 1, 2022 for others). (Pen. Code, § 1172.75, subd. (b).) In turn, courts in receipt of this information are ordered to resentence eligible defendants on a specified timetable — by October 1, 2022 for specific individuals, then by December 31, 2023 for the remaining eligible defendants. (*Id.*, subd. (c).)

Ambriz's resentencing hearing took place December 12, 2023. His counsel sought a continuance until after the new year because counsel had been and would continue to be in trials, preventing him from preparing a sentencing memorandum. The trial court offered a continuance until December 29, but it apparently thought it could not resentence Ambriz after the December 31 deadline. Deciding that the two-and-a-half-week continuance would not allow him to write the memorandum,

1

Ambriz's counsel submitted the issue after brief oral comments. The court ultimately sentenced Ambriz to 60 years to life after striking his now-unlawful prior prison term enhancements.

Ambriz appealed, arguing, among other points, that the trial court abused its discretion because it proceeded on the erroneous belief that it could not resentence Ambriz after the December 31, 2023 deadline. (*People v. Ambriz* (B336232, Sept. 25, 2025) [nonpub. opn.].) The Court of Appeal declined to address that argument. Instead, it concluded that the trial court never denied Ambriz a continuance and that Ambriz lacked good cause for a longer continuance because his attorney did not have additional material to raise beyond what he said in court. (*Ibid.*) On this record, I concur with today's decision to deny Ambriz's petition for review, however nothing appears to preclude him from developing the factual record through a writ of habeas corpus and then seeking relief for ineffective assistance of counsel. (See *People v. Guevara* (2025) 338 Cal.Rptr.3d 625, 631–632; *People v. Grajeda* (2025) 111 Cal.App.5th 829, 837–839.)

In addition, I note that Ambriz has raised an important legal question: whether trial courts may resentence defendants after the December 31, 2023 deadline. We have long observed that failure to follow statutory procedures does not necessarily invalidate a subsequent governmental action. (See, e.g., *People v. McGee* (1977) 19 Cal.3d 948, 958.) Where failing to follow the statutory process has that "invalidating effect," then the statute is "mandatory"; otherwise, it is merely "directory." (*Ibid.*) "In California, it is not uncommon for obligatory statutory provisions to be accorded only directory effect." (*City of Santa Monica v. Gonzalez* (2008) 43 Cal.4th 905, 924.) Indeed, the statute does not appear to penalize noncompliance and instead

offers an entitlement to defined individuals; it is hard to imagine why the Legislature would have wanted the deadline to bar relief to defendants affected by sentencing enhancements that are now "legally invalid."  (Pen. Code, § 1172.75, subd. (a); see *People v. Gray* (2014) 58 Cal.4th 901, 909–910.)  Notably, the Court of Appeal in *People v. Cota* (2025) 112 Cal.App.5th 1118, 1129–1131, review granted October 1, 2025, S292637, relied on analogous reasons to conclude that the deadlines in section 1172.75, subdivision (b) — about the Department of Corrections and Rehabilitation's obligation to timely notify courts of eligible defendants — were directory rather than mandatory.  Whether the deadlines in section 1172.75, subdivision (c) are similarly directory rather than mandatory is an important question that may call for our attention in a future case.

**LIU, J.**

**We Concur:**

**GROBAN, J.**

**EVANS, J.**